UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ALLEN MOODY, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) Civil No. 04-99-B-W |
| | ) |
| MAINE DEPARTMENT OF | ) |
| CORRECTIONS, et al., | ) |
| | ) |
| Defendant | ) |

### *RECOMMENDED DECISION ON 42 U.S.C. § 1983 ACTION*

Allen Moody has filed a pro se 42 U.S.C. § 1983 complaint seeking remedy for alleged discrimination against him at the Maine State Prison because of his medical condition. Moody has named the Maine Department of Corrections as a defendant. Pursuant to my responsibility to screen this complaint under 28 U.S.C. § 1915A(a) and § 1915(e), I conclude that this action should be dismissed as to the Maine Department of Corrections pursuant to § 1915A(b)(2) and § 1915(e)(2)(B)(iii). Suing the Maine Department of Corrections is the same as suing the State of Maine. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [the State] has consented to the filing of such a suit."). Because this defendant is immune from suit and Moody is seeking only monetary damages for himself and his family, I recommend that the Court **DISMISS** Moody's action as against the Maine Department of Corrections.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

April 12, 2004.

/s/Margaret J. Kravchuk
U.S. Magistrate Judge